## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: PAULINA A. SIGNORELLI, ) | Chapter 7 | |
| ) | | |
| Debtor. ) | Bankruptcy Case No. 15-46309-659 | |

| | | |
|---|---|---|
| DOUGLAS MUELLER, ) | Adversary Case No. 15-4218-705 | |
| ) | | |
| Creditor/Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| PAULINA A. SIGNORELLI, ) | | |
| ) | | |
| Debtor/Defendant. ) | | |

### DEBTOR/DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CREDITOR/PLAINTIFF'S COMPLAINT

COMES NOW Debtor/Defendant Paulina Signorelli ("Debtor"), by and through undersigned counsel, and for her Answer and Affirmative Defenses to Creditor/Plaintiff Douglas Mueller's ("Plaintiff") Complaint, states as follows:

1. Debtor denies the allegations contained in Paragraph 1 of the Complaint.

2. Admit the allegations contained in Paragraph 2 of the Complaint, in that this Court has jurisdiction to hear this matter.

3. Admit the allegations contained in Paragraph 3 of the Complaint.

4. Admit the allegations contained in Paragraph 4 of the Complaint.

5. Admit the allegations contained in Paragraph 5 of the Complaint.

6. Admit the allegations contained in Paragraph 6 of the Complaint.

7. Deny the allegations contained in Paragraph 7 of the Complaint.

8. Admit the allegations contained in Paragraph 8 of the Complaint.

9. Admit that Debtor is a Missouri resident, but deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Debtor lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies same.

11. Admit the allegations contained in Paragraph 11 of the Complaint.

12. Admit the allegations contained in Paragraph 12 of the Complaint.

13. Deny the allegations contained in Paragraph 13 of the Complaint.

14. Admit the allegations contained in Paragraph 14 of the Complaint.

15. Admit the allegations contained in Paragraph 15 of the Complaint.

16. Debtor states that the terms and conditions of the Court's Judgment of Dissolution of Marriage speak for themselves.

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint, including all sub-parts.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint.

22. Deny the allegations contained in Paragraph 22 of the Complaint.

## COUNT I – NON-DISCHARGABILITY OF DEBT OWED TO PLAINTIFF PURSUANT TO §523(a)(2) OF THE BANKRUPTCY CODE

23. Debtor adopts and restates all responses set forth in Paragraphs 1 through 22 of the Answer as if fully contained herein.

24. Debtor states that the terms and conditions of §523(a)(2) speak for themselves.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

## COUNT II – NON-DISCHARGABILITY OF DEBT OWED TO PLAINTIFF UNDER §523(a)(4) OF THE BANKRUPTCY CODE

26. Debtor adopts and restates all responses set forth in Paragraphs 1 through 25 of the Answer as if fully contained herein.

27. Debtor states that the terms and conditions of §523(a)(4) speak for themselves.

28. Deny the allegations contained in Paragraph 28 of the Complaint.

### COUNT III – NON-DISCHARGABILITY OF DEBT OWED TO PLAINTIFF UNDER §523(a)(6) OF THE BANKRUPTCY CODE

29. Debtor adopts and restates all responses set forth in Paragraphs 1 through 28 of the Answer as if fully contained herein.

30. Debtor states that the terms and conditions of §523(a)(6) speak for themselves.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

### COUNT IV – OBJECTION TO DEBTOR'S DISCHARGE UNDER §727(a)(3) OF THE BANKRUPTCY CODE

32. Debtor adopts and restates all responses set forth in Paragraphs 1 through 31 of the Answer as if fully contained herein.

33. Debtor states that the terms and conditions of §727(a)(3) speak for themselves.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

### COUNT V – REQUEST TO REMOVE OR ABSTAIN FROM HEARING THIS MATTER IN BANKRUPTCY COURT AND TO ALLOW CLAIM TO BE RETURNED TO STATE COURT FOR TRIAL AND FURTHER PROCEEDINGS

36. Debtor adopts and restates all responses set forth in Paragraphs 1 through 35 of the Answer as if fully contained herein.

37. Admit the allegations contained in Paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

40. Debtor lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and, therefore, denies same.

WHEREFORE, having fully responded to the allegations in Creditor/Plaintiff's Complaint, Debtor/Defendant hereby requests that this Court dismiss Creditor/Plaintiff's Complaint, at Creditor/Plaintiff's cost, and that this Court grant such other and further request as it deems just and proper under the law and circumstances.

### AFFIRMATIVE DEFENSES

41. For Debtor's first affirmative defense, Debtor states that Plaintiff's Complaint fails to state or plead a cause of action upon which relief can be granted.

42. For Debtor's second affirmative defense, Debtor states that Plaintiff had sufficient opportunity to complete discovery within the Dissolution of Marriage action and to present evidence of the value of SSS, Inc. and, therefore, Plaintiff is barred by collateral estoppel/issue preclusion from relitigation issues relative to the valuation of SSS, Inc. at the time of the divorce.

43. For Debtor's third affirmative defense, Debtor states that Plaintiff's damages and/or claims, if any, should be barred and/or reduced because Plaintiff has failed to mitigate his alleged damages.

44. For Debtor's fourth affirmative defense, Debtor states that Plaintiff's damages and/or claims, if any, should be offset and/or reduced by the sum that Plaintiff was ordered to pay Debtor for SSS, Inc. pursuant to their Judgment of Dissolution of Marriage.

45. For Debtor's fifth affirmative defense, Debtor states that Plaintiff's claims are barred by the doctrine of unclean hands, in that Plaintiff has failed to pay to Debtor sums due under their Judgment of Dissolution of Marriage for property division, child support, and spousal maintenance.

46. Debtor hereby specifically incorporates by reference any other and/or further affirmative defenses identified and/or made known through the course of discovery in this matter.

WHEREFORE, Debtor/Defendant hereby requests that this Court dismiss Creditor/Plaintiff's Complaint, at Creditor/Plaintiff's cost, and that this Court grant such other and further request as it deems just and proper under the law and circumstances.

Respectfully Submitted,

WALTRIP & SCHMIDT, LLC

     */s/ Michael A. Becker*
Michael A. Becker, #36999
Amanda M. Basch, #59984
8151 Clayton Road, Suite 200
Clayton, MO 63117
Ph: (314) 721-9200
Fx: (314) 880-7755
mab@mabeckerlaw.com
abasch@fschmidtlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a copy of the foregoing was served via electronic notification this 21st day of December, 2015 upon the following:

Heidi Leopold
Martin, Malec & Leopold, P.C.
1007 Olive Street, Fifth Floor
St. Louis, MO 63101

     */s/ Michael A. Becker*