UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: PAULINA A. SIGNORELLI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Bankruptcy Case No. 15-46309-659 |

| | | |
|---|---|---|
| DOUGLAS MUELLER, | ) | Adversary Case No. 15-4218-705 |
| | ) | |
| Creditor/Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAULINA A. SIGNORELLI, | ) | |
| | ) | |
| Debtor/Defendant. | ) | |

## DEBTOR/DEFENDANT'S COUNTER-CLAIM FOR FRAUD AND CONTEMPT

COMES NOW Debtor/Defendant Paulina Signorelli ("Debtor"), by and through undersigned counsel, and for her Counter-Claim for Fraud and Contempt against Creditor/Plaintiff Douglas Mueller ("Plaintiff"), states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334(b) because this claim arising in, arises under, and is related to the Chapter 7 case of In re: Paulina Signorelli, pending in the United States Bankruptcy Court for the Eastern District of Missouri, Case No. 15-46309.

2. The Court has personal jurisdiction over Plaintiff.

3. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

4. This Counter-Claim is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5. On August 21, 2015, Debtor filed a Petition in the United States Bankruptcy Court, thereby commencing a Chapter 7 voluntary bankruptcy proceeding.

6. Plaintiff is a Missouri resident, residing at all relevant times herein in the City of St. Louis, who claims to be a creditor of Debtor as a result of Debtor's alleged wrongful destruction and transfer of assets of Safety Support Services, Inc. ("SSS, Inc."), the business previously owned and operated by Plaintiff and Debtor, as husband and wife.

7. Debtor is a Missouri resident, residing at all relevant times herein in the City of St. Louis.

8. On or about October 15, 2005, Debtor filed against Plaintiff a Petition for Dissolution of Marriage in the Circuit Court of the City of St. Louis, State of Missouri, in Cause No. 053-04468 (the "Divorce Case").

9. The Divorce Case was tried to the Circuit Court on or about November 7, 2007, before the Honorable Judge Thomas Frawley.

10. During the trial in the Divorce Case, Debtor presented evidence that SSS, Inc. was valued at approximately $670,000.00.

11. Pursuant to the terms of Debtor and Plaintiff's Judgment of Dissolution of Marriage, Plaintiff was awarded SSS, Inc. and was ordered to pay Debtor the sum of $670,300.00 as her division of the marital asset value of SSS, Inc.

12. Following the issuance of the Judgment of Dissolution of Marriage, Plaintiff pursued a series of appeals, at the conclusion of which Plaintiff ultimately obtained possession of SSS, Inc.

13. Before and during Divorce Case, and during the appeals of the Judgment therein, Plaintiff formed another business, which served as a "carbon copy" of SSS, Inc., which Plaintiff used to fraudulently obtain the customers of SSS, Inc. without reducing the paper value of SSS, Inc.

## COUNT I - FRAUD

14. Debtor realleges all allegations set forth in Paragraphs 1 through 13 herein above as if more fully set forth herein below.

15. During the trial in the Divorce Case, Plaintiff made a false representation to the Court by tacitly agreeing to Debtor's valuation of SSS, Inc., in that SSS, Inc. was not worth $670,000.00.

16. The valuation of SSS, Inc. was material to the Divorce Case, in that it was one of the largest assets of Plaintiff and Debtor and was a main focus of the trial in the Divorce Case.

17. Plaintiff, because of his fraudulently obtaining customer through his "carbon copy" business, knew that SSS, Inc. was not worth $670,000.00.

18. Plaintiff intended for Judge Frawley to rely upon Plaintiff's false representation in determining a value for SSS, Inc., and absent evidence to the contrary, Judge Frawley was unaware of the inflated valuation of SSS, Inc.

19. Judge Frawley had a right to rely on, and actually did rely on, Plaintiff's false representation in making a determination as to the value of SSS, Inc. and ultimately in dividing marital assets between Plaintiff and Debtor.

20. As a result of Plaintiff's false representation, Debtor was injured, in that Plaintiff was able to obtain the right to operate SSS, Inc. without competition from Debtor, while ultimately positioning himself to claim SSS, Inc. was not worth the value Plaintiff was ordered to pay Debtor in exchange for the business.

## COUNT II – CONTEMPT

21. Debtor realleges all allegations set forth in Paragraphs 1 through 20 herein above as if more fully set forth herein below.

22. Pursuant to the Judgment of Dissolution of Marriage entered in the Divorce Case, Plaintiff was ordered to pay to Debtor the sum of $670,000.00 (the "Divorce Proceeds").

23. Also pursuant to the Judgment of Dissolution of Marriage entered in the Divorce Case, Plaintiff was ordered to pay to Debtor the sum of $1,172.00 per month as and for child support for Plaintiff and Debtor's two minor children.

24. Also pursuant to the Judgment of Dissolution of Marriage entered in the Divorce Case, Plaintiff was ordered to pay to Debtor the sum of $2,500.00 per month as and for spousal maintenance for Debtor.

25. Plaintiff has failed and refused to pay to Debtor the Divorce Proceeds and has required Petitioner to file the instant Motion for Contempt, seeking relief through this Court.

26. Plaintiff has failed and refused to pay to Debtor the court ordered child support and has required Petitioner to file the instant Motion for Contempt, seeking relief through this Court.

27. Plaintiff has failed and refused to pay to Debtor the court ordered spousal maintenance and has required Petition to file the instant Motion for Contempt, seeking relief through this Court.

28. Plaintiff receives substantial income, has substantial assets, and is financially able to make the Court ordered payments of the Divorce Proceeds, as ordered by the Judgment of Dissolution of Marriage.

29. As of December 21, 2015, Plaintiff is delinquent in his payment of the Divorce Proceeds by $670,300.00.

30. As of December 21, 2015, Plaintiff is delinquent in his payment of child support for the minor children in the principal amount of $7,266.63, plus statutory interest on said child support.

31. As of December 21, 2015, Plaintiff is delinquent in his payment of spousal maintenance to Debtor in the principal amount of $94,324.44, plus statutory interest on said spousal maintenance.

32. Plaintiff has flagrantly and contemptuously violated the St. Louis City Circuit Court's Order of November 7, 2007 by failing and refusing to pay the Divorce Proceeds, child support arrears in the principal amount of $7,266.63, plus statutory interest accrued thereon, and spousal maintnenance arrears in the principal amount of $94,324.44, plus statutory interest accrued thereon.

33. Unless Plaintiff is punished for contempt, he will continue to scorn, belittle and disregarding the orders and decrees of this and other Courts.

34. Debtor has incurred, and will continue to incur, attorney's fees and costs associated with the preparation and filing of this Motion for Contempt due to Plaintiff's failure to comply with the orders of this Court.

35. Debtor is unemployed and is unable to pay her own attorney's fees and costs associated with pursuing this matter, in addition to bearing the vast majority of the costs incurred on behalf of the minor children.

36. Plaintiff has substantial wages and is capable of paying Debtor's attorney's fees and costs incurred in pursuing this matter.

WHEREFORE, Debtor/Defendant Paulina Signorelli prays for this Court's order dismissing Plaintiff/Creditor's Complaint; ordering that Plaintiff/Creditor Douglas Mueller appear before this Court to show cause as to why Plaintiff/Creditor has failed and refused to pay to Debtor/Defendant those sums due and owing as and for property division in the Divorce Case, child support for the minor children, and spousal maintenance for Debtor/Defendant; finding Plaintiff/Creditor in contempt of the St. Louis City Circuit Court's Judgment of Dissolution of Marriage by virtue of his failure and refusal to pay to Debtor/Defendant those sums due and owing as and for property division in the Divorce Case, child support for the minor children, and spousal maintenance for Debtor/Defendant; that Plaintiff/Creditor be incarcerated by this Court unless and until he purges himself of said contempt by paying to Debtor/Defendant the full amount of the property settlement, child support, and spousal maintenance now due and owing; awarding Debtor/Defendant her attorney's fees and costs incurred herein; and granting such other and further orders as this Court deems just and proper.

Respectfully Submitted,

WALTRIP & SCHMIDT, LLC

*/s/ Michael A. Becker*
Michael A. Becker, #36999
Amanda M. Basch, #59984
8151 Clayton Road, Suite 200
Clayton, MO 63117
Ph: (314) 721-9200
Fx: (314) 880-7755
mab@mabeckerlaw.com
abasch@fschmidtlaw.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing was served via electronic notification this 21st day of December, 2015 upon the following:

Heidi Leopold
Martin, Malec & Leopold, P.C.
1007 Olive Street, Fifth Floor
St. Louis, MO 63101

*/s/ Michael A. Becker*